[No. 25778. Department Two. July 6, 1936.]

*In the Matter of the Estate of* PHILIP B. HOPFFGARTEN, *Deceased.*

KATHRYN LEE HOPFFGARTEN, *Respondent,* v. MARIETTA HOPFFGARTEN, *Appellant.*[1]

[1]Reported in 59 P. (2d) 298.

*W. D. Scott* and *William C. Meyer,* for appellant.
*Davis, Heil & Davis,* for respondent.

MILLARD, C. J.—Philip B. Hopffgarten died November 14, 1932. By a nonintervention will dated July 10, 1928, he named his wife, Kathryn Lee Hopffgarten, executrix to serve without bond. He devised and bequeathed to his wife their home and its furnishings and an automobile. The testator then provided that all of his other property, consisting of cash, stocks, bonds and, in fact, all his other personal property, be divided equally between his wife and his mother, Marietta Hopffgarten.

On April 21, 1930, almost two years after making his will, the testator and his wife purchased, under an executory contract, lot 15 in block 22 of Manito Park in the city of Spokane. At the time of the testator's death, approximately seven hundred dollars remained unpaid on this contract.

On February 6, 1933, it appearing to the court from the inventory and appraisement that the estate consisted only of community property and was worth approximately $4,025.28, and that the debts did not exceed $550, an order of solvency was entered. On October 30, 1934, the executrix petitioned the court to set aside all of the property of the estate to her as surviving spouse, it being alleged that the total net value of the estate did not exceed three thousand dollars. Marietta Hopffgarten, mother of the testator, filed written protest and objections to the petition. She asserted that the vendees' interest in the Manito Park contract had been given to her by the testator, during his lifetime, and his wife.

Issue was joined and a hearing had. The court decreed that all of the property of the estate was community property; that the mother had no interest in the Manito Park property or the contract to purchase it, except as a devisee under the will; that the estate, up to three thousand dollars, be set over to the surviving spouse; and that, as the then assets of the estate amounted to only $2,621.70, she was given a judgment against the estate for $378.30, the difference between the three thousand dollars and the $2,621.70. Marietta Hopffgarten, testator's mother, appealed.

Appellant contends that the contract to purchase the Manito Park property and all rights of the vendees under that contract were given to appellant by her deceased son, during his lifetime, and his wife, who were the vendees named in the contract and who were purchasing the property with community funds.

We have carefully examined the record and are satisfied, as was the trial court, that, while the property was being purchased in order to provide a home for deceased's mother, and while she, with a younger son and daughter, occupied it for several years as a home, there was no evident intention on the part of deceased or respondent to make a gift to appellant of any interest in or title to the contract or property. The evidence goes no further than to disclose that the deceased and respondent supported appellant and rented a home for her for many years, and that they intended to continue to provide her with a home indefinitely.

Appellant insists that the trial court erred in setting over to respondent property rights contrary to the terms of the will, and in the failure to distribute at least the testator's one-half community interest as directed in the will. In the statute, Rem. Rev. Stat., §§ 1473 and 1474 [P. C. §§ 9893, 9894], will be found

the answer to this contention. Rem. Rev. Stat., § 1473 [P. C. § 9893], directs that, upon a showing of certain conditions, property of the deceased spouse's estate, not exceeding the value of three thousand dollars, be set over to the surviving spouse. Rem. Rev. Stat., § 1474 [P. C. § 9894], qualifies or limits this by providing that the property so set over shall not be taken from the separate property of the deceased which is otherwise disposed of by will. This exception has no application in the case at bar, in view of the fact that there was no separate property.

Appellant argues that Rem. Rev. Stat., §§ 1342 and 6892 [P. C. §§ 9848, 1433], permit the testamentary disposition of one-half the community property, and that Rem. Rev. Stat., § 1394 [P. C. § 10021], also permits one to dispose of one's property by will. The provisions cited by appellant are, of course, to be construed with and qualified by Rem. Rev. Stat., §§ 1473 and 1474 [P. C. §§ 9893, 9894], referred to above.

It is argued that the trial court erred in basing the value of the property of the estate upon the cash rather than the market value. This contention seems to be premised more upon a misconception or misuse of terms by witnesses than upon the ultimate decision of the trial court. From the evidence, it cannot be said that the values fixed were not just and reasonable.

The other assignments of error have been considered and found to be without substantial merit.

The judgment is affirmed.

HOLCOMB, MAIN, BEALS, and BLAKE, JJ., concur.